UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CORNELL CORRECTIONS OF RHODE  :
ISLAND, INC.,                         :
     Plaintiff,                   :
                                  :
         v.                    :     C.A. No. 11-491S
                                  :
CENTRAL FALLS DETENTION      :
FACILITY CORPORATION,        :
     Defendant.              :

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A), DRI LR Cv 72(a)) are the following discovery motions:

1.     Plaintiff's Motion to Strike Objections and Compel Defendant's Response to Request for Production of Documents (ECF No. 27); and

2.     Plaintiff's Motion to Compel Further Rule 30(b)(6) Deposition Testimony of Defendant (ECF No. 29).

A hearing on these Motions was held on December 21, 2012.[1]

Plaintiff Cornell Corrections of Rhode Island, Inc. ("Cornell") entered into a series of agreements to operate the Wyatt Detention Facility ("Wyatt") from January 2004 to July 2007 for its owner, Defendant Central Falls Detention Facility Corporation ("CFDFC"). Cornell did not receive payments from CFDFC as expected. The parties entered into a Settlement Agreement in January 2008 and CFDFC executed a promissory note; this suit was filed after CFDFC failed to pay. Cornell alleges arrears of $671,808. CFDFC's primary defense is based on a 2005 Subordination Agreement between Cornell, CFDFC and U.S. Bank, N.A., (U.S. Bank)

---

[1] A third motion, Plaintiff's Motion to Compel Production of Documents Addressed to Defendant (ECF No. 30), was also before the Court for determination at the hearing. Since CFDFC did not respond to the document request until after Cornell moved to compel, Cornell represented at the hearing that it would confer with CFDFC about the adequacy of the responses. Accordingly, the Court passed that Motion to Compel. ECF No. 30.

as Trustee for bondholders that purchased CFDFC debt.  CFDFC contends that any debt owed to

Cornell is subordinate and junior in right of payment until the bondholders who purchased

CFDFC's 2005 revenue bonds are paid in full.

Cornell's ability to obtain discovery from CFDFC has been complicated by the

significant changes that CFDFC has undergone since 2008.  As a result, virtually none of the

persons from the relevant time period are employed by or otherwise involved with CFDFC and

many of these former employees, officers and directors are uncooperative with the current

iteration of CFDFC.  Recognizing these difficulties, CFDFC attempted to supply discoverable

information by providing relevant documents as part of its Rule 26 initial disclosures, initiating

the Rule 30(b)(6) deposition of AVCORR Consultants (the contract monitor at the Wyatt) and

the deposition of Albert Romanowicz (a CFDFC board member).  For the same purpose, it has

noticed for January 2013 the Rule 30(b)(6) deposition of U.S. Bank and the deposition of the

Trustee during the relevant time period, Susan Calise.  Confirming CFDFC's representations of

noncooperation from individuals potentially possessing discoverable information, these

discovery efforts have met resistance: Mr. Romanowicz only appeared after service of a

subpoena and remembered little; Wayne Salisbury, the former Warden, has been uncooperative;

and U.S. Bank and the Trustee are unwilling to provide information except at a formal

deposition.

These difficulties affected CFDFC's responses to Cornell's First Request for Production

and the quality of the testimony at CFDFC's Rule 30(b)(6) deposition, resulting in the instant

Motions.  However, these challenges aside, CFDFC's compliance with its discovery obligations

has left Cornell with much to properly complain about.

While CFDFC responded to the Cornell's First Request for Production, it produced few documents and broadly and generically objected with boilerplate invocations of privilege, burden and overbreadth so that Cornell cannot ascertain whether responsive documents are being withheld or not.  Despite its general objection based on privilege, CFDFC did not provide a log listing or describing documents withheld on that ground.  Cornell's discovery hit a similar wall at CFDFC's Rule 30(b)(6) deposition, when the designee, accounting manager Karen Casey, confessed that she invested very little time in preparing to testify on the noticed topics and that such preparation was essential in that she lacked substantive knowledge regarding any of the areas of inquiry.[2]  Cornell correctly argues that CFDFC's discovery responses not only leave it to seek relevant information elsewhere, but also are so vague as to leave the door open for CFDFC to sandbag it by producing additional responsive information at trial.

Cornell is right that it is entitled to straightforward responses in compliance with the mandate of Rule 34(b)(2)(B) that objections must include reasons and, in this District, must be stated with specificity.  DRI LR Cv 34(c).  General or boilerplate objections do not comply with these Rules.  Objections based on overbreadth or burden must clearly articulate the problem that justifies the objection so that the requester can understand whether additional responsive documents exist or not.  To illustrate, if a burden objection is thrown up as the basis for failing to search for responsive documents in a less accessible repository, the requester must be made aware that the repository has not been searched so that it can proceed with a meaningful motion

---

[2] The transcript indicates that this 30(b)(6) designee located and reviewed a box of invoices that were responsive to one of the twelve topics, searched her own but no other computers for requested documents and spent thirty minutes meeting with counsel.  Otherwise, she made no attempt to gather information regarding the topics in the notice.  Her testimony is also clear that she lacked any first-hand knowledge regarding any topic so that only with preparation could she have supplied useful information.  ECF No. 29-2, at 3-6, 7, 12.  This quantum of preparation is wholly inadequate to the strictures of Rule 30(b)(6).

to compel (perhaps with a proposal to bear the cost of the burdensome search).  On the other

hand, if there are no responsive documents, the response should clearly so state.

Cornell is also right about the importance of compliance with Rule 26(b)(5)(A), which

mandates that the assertion of a privilege must be coupled with a description of the things

withheld.  Boilerplate invocations of privilege leave the requester with no way to tell if any

privileged documents actually have been located and are being withheld.  They block the

requester from the ability to assess whether the privilege claim should be challenged, which is

clearly contemplated by the Rule.  Fed. R. Civ. P. 26(b)(5)(A).  A prophylactic invocation of the

privilege must be coupled either with a clear statement that there are no privileged documents

withheld, or a log that complies with Rule 26(b)(5)(A).

While CFDFC's compliance with Rule 30(b)(6) similarly was seriously deficient, the

Court finds that the turnover of Wyatt personnel places the CFDFC in a difficult position.  For

example, since her deposition, CFDFC's Rule 30(b)(6) designee has left the employ of CFDFC.

Even if the Court were inclined to order her to reappear for a redo of the Rule 30(b)(6)

deposition, it is not clear that CFDFC could secure her attendance or cooperation.  According to

CFDFC's counsel, Wyatt's current roster of personnel simply does not have substantive

knowledge of the claims and defenses at issue in the litigation and CFDFC's former employees

and agents are not cooperating.  CFDFC has attempted to cure the lack of cooperation by taking

discovery of the third parties, including U.S. Bank and the Trustee, who are likely to have

relevant knowledge.  Under these circumstances, it makes little sense to require CFDFC to spend

the resources necessary to adequately prepare another Rule 30(b)(6) designee for testimony,

where no amount of preparation would permit useful testimony about relevant information.

Nevertheless, Cornell is entitled to information about the topics in its notice that are known or

reasonably available to CFDFC as provided by Rule 30(b)(6).

Based on the foregoing, and for the reasons stated at the hearing, the Court orders as

follows:

1.   Plaintiff's Motion to Strike Objections and Compel Defendant's Response to
     Request for Production of Documents (ECF No. 27) is granted in part and denied
     in part.

     i.   CFDFC shall have until January 15, 2013, to provide supplemental
          responses to Cornell's First Request for Production of Documents (the
          "Supplemental Responses").

     ii.  Any documents withheld based on the assertion of either the attorney-
          client privilege or the work product doctrine will be accompanied by a log
          prepared in compliance with Rule 26(b)(5)(A).  If CFDFC currently does
          not possess any such documents, it must clearly state that there are no
          documents withheld based on attorney-client privilege or the work product
          doctrine in its Supplemental Responses.  CFDFC remains free to assert an
          appropriate privilege objection if it locates responsive documents in the
          future.

     iii. The Supplemental Responses must describe with specificity the reasons
          for CFDFC's objections based on burden, overbreadth and relevancy.  If
          CFDFC has no responsive documents, it shall affirmatively state that it has
          no responsive documents.

     iv.  If CFDFC has electronically stored information that may include
          responsive documents, but which either is not reasonably accessible or is
          burdensome to produce, it must clearly so state, with sufficient specificity
          as to permit Cornell to consider a burden-shifting motion under Rule
          26(b)(2)(B).

     v.   Correspondence related to the agreements at issue in the litigation is
          relevant and CFDFC may not object to producing such correspondence on
          relevancy grounds.

     vi.  CFDFC must produce whatever it considers to be a true and accurate copy
          of the Amendment to the Professional Management Agreement as
          requested by Request 10 without regard to any alterations on the document
          produced (any privileged alteration may be redacted, but must be logged).

2.    Plaintiff's Motion to Compel Further Rule 30(b)(6) Deposition Testimony of
      Defendant (ECF No. 29) is granted in part and denied in part.

    i.  CFDFC may, but is not required to, produce a designee for additional live
      testimony.

    ii.  Cornell and CFDFC shall meet and confer on an appropriate method for
      Cornell to ascertain the information known or reasonably available to
      CFDFC with respect to each of the topics set forth in Cornell's Rule
      30(b)(6) notice.

   iii.  Regardless of the method chosen after conferral, CFDFC shall present a
      response on each topic in the notice that makes clear that it is provided on
      behalf of CFDFC and represents information known or reasonably
      available to it.

   iv.  If either party is unsatisfied with the result of the conferral, the party may
      file an appropriate motion with the Court, but must do so on or before
      January 31, 2013.

3.    Plaintiff's Motion to Compel Production of Documents Addressed to Defendant
      (ECF No. 30) is passed.


So ordered.


ENTER:

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 28, 2012

6